UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| MARK C. ENGLERT and CHERYL M. ENGLERT, | : : : | Bankruptcy No. 05-25389-JAD |
| Debtors, | : | Chapter 13 |
| ――――――――――――――――― X | | |
| MARK C. ENGLERT and CHERYL M. ENGLERT, | : : : | Adv. No. 11-2601-JAD |
| Plaintiffs, | : : | Doc. No. 24 |
| v. | : : | |
| OCWEN LOAN SERVICING, LLC, | : : | |
| Defendant. | : | |
| ――――――――――――――――― X | | |

### MEMORANDUM OPINION

The matter before the Court is a Rule to Show Cause why the relief set forth in the complaint should not be granted due to the failure of Defendant, Ocwen Loan Servicing, LLC, to comply with discovery requests and this Court's order regarding those requests. For the reasons expressed below, the Court will not grant the relief requested in the complaint but instead will grant relief as fashioned below.

### I.

The Debtors received their Chapter 13 discharge on April 9, 2010 after completing their Chapter 13 plan. (See Case No. 05-25389, Doc. # 79). On August 25, 2010, the Final Decree was entered and the case was closed. (See Case No. 05-25389, Doc.## 91, 92). In September of 2011, the Debtors sought to reopen their case for the purpose of filing an adversary proceeding against the Defendant. (See Case No. 05-25389, Doc. # 95). The request was granted and the adversary proceeding was filed on November 18,

00009459.WPD

2011. The Adversary Complaint for Violation of Discharge Injunction, (the "Complaint") alleges that after the Debtors had received their discharge, the Defendant, Ocwen Loan Servicing, LLC ("Ocwen") attempted to collect a prepetition debt, assessed fees and expenses that were either already paid through the Chapter 13 plan or for which no court approval was obtained, and failed to properly credit payments that had been made. The Complaint was filed pursuant to 11 U.S.C. §524(i) and seeks to have judgment entered for injunctive relief to enjoin the Defendant from further violations of the discharge, actual damages, costs and reasonable attorneys fees.

During the course of the case, the Debtors filed a Motion to Compel Discovery requesting that Ocwen be required to fully and accurately answer discovery requests that the Debtors had propounded. (See Doc. # 18). According to the Motion to Compel, the interrogatories were either not responded to, were objected to without valid basis or the answer, if provided, was nonresponsive. (Id.). Ocwen did not respond to the Motion to Compel and an order was entered that required Ocwen to accurately and fully answer the interrogatories and requests for admission within thirty days. (See Doc. #21). At the Status Conference scheduled upon the expiration of the thirty days, counsel for Ocwen failed to appear. The Court then issued an Order deeming the Request for Admissions admitted and setting a Rule to Show Cause hearing. (See Doc. # 24).

Ocwen filed a written response to the Rule to Show Cause acknowledging that it had sent billing statements to the Debtors that reflected fees for items other than the regular monthly payment. (See Doc. # 26). However, it asserted that the billing statements were not violative of the discharge injunction since Ocwen's rights in the property were *in rem* only and no collection of personal liability was being sought.

Further, the billing statements reflected only the regular monthly payment as being due immediately and not the various fees.

After several continuances were granted, a hearing was held at which local counsel for Ocwen appeared but lead counsel did not. A further order was entered requiring Ocwen to answer all outstanding interrogatories, produce a readable loan and payment history and continuing the Rule to Show Cause hearing at which lead counsel was directed to personally appear. (See Doc. # 38). After Ocwen requested a continuance of the hearing and further extension of time to respond to interrogatories, the Court rescheduled the hearing but found Ocwen in further contempt for which further sanctions would be addressed at the Rule to Show Cause hearing. (See Doc. # 42).

During the interim, counsel for Ocwen was substituted. Additionally, counsel for the Debtors provided a statement of time for services rendered related to the time necessary to compel Ocwen to respond to discovery requests. (See Doc. # 52). Ocwen paid counsel the amount stated for the related fees and expenses. (See Doc. #55).

After the hearing held on the continued Rule to Show Cause, the parties filed briefs. The matter is now ripe for decision.

## II.

In their Brief in Support of the Rule to Show Cause, the Debtors request that their adversary complaint be treated as a motion for contempt under 11 U.S.C. §105. The request is premised on the acknowledgment that there is no private cause of action for violation of the discharge injunction under section 524.[1]

---

[1] The Debtors concede that it was not until preparing their Brief that it was learned that there was not a private right of action created by 11 U.S. C. §524. Although the complaint was not based on section §105, the Debtors point out that they did request an award of attorneys fees pursuant to 11 U.S.C. §105.

In support of granting their Complaint, the Debtors rely on the recent case of In re Brown, 481 B.R. 351 (Bankr. W.D. Pa. 2012). In Brown, the debtor, acting *pro se*, sought damages for alleged violations of the discharge injunction. The court found that monthly statements sent to the Chapter 7 debtor that provided an amount due, late charge amount if payment not timely received and past due amount violated the discharge injunction. The creditor was held in civil contempt for violating the discharge order and compensatory damages of $3,000 were imposed upon the creditor. Id. at 364.

The Debtors assert that based upon the Requests for Admission, which have now been deemed admitted, Ocwen has admitted to the following: not crediting the Debtors with the reduction in the prepetition arrears balance (of $4,564.00), charging the Debtors with and continuing to attempt to collect past due expenses (of $2,540.42); failing to credit the Debtors with payments in the manner of the Chapter 13 plan. Based on these deemed admissions, the Debtors assert that Ocwen has, despite the Rule to Show Cause and the court orders, disregarded the matter and flagrantly continued to violate the discharge injunction by continuing to bill for past due expenses. Although recent counsel for Ocwen stated at the Rule to Show Cause hearing that Ocwen would remove previous charges imposed to the Debtors' account, the Account Statement received after the hearing continues to reflect fees outstanding in the amount of $2,507.42.[2] Accordingly the Debtors seek a finding that Ocwen violated the discharge injunction and is in contempt.

As a result of Ocwen's conduct, the Debtors are requesting actual damages in the nature of compensatory damages and damages for emotional distress for which they seek

---

[2] The court notes, however, that the Rule to Show Cause hearing was held January 9, 2013 and the Account Statement was dated January 14, 2013.

an evidentiary hearing. They also assert that all of their counsel fees associated with this matter, not just those related to the discovery issue, should be compensated. Finally, in their brief, the Debtors now assert that punitive damages in the amount of $100,000 are appropriate in light of Ocwen's alleged ongoing and extensive violation of the discharge injunction.

Ocwen contends that because no private cause of action for violation of the discharge injunction exists, the relief requested in the complaint cannot be granted.[3] Additionally, Ocwen argues that, even if judgment were to be rendered, the Debtors have not presented any evidence upon which damages can be awarded. More specifically, Ocwen contends that there is no evidence of fees and costs or actual damages even deeming all admissions admitted. As to the costs objected to in the billing statements, Ocwen was not attempting to collect those costs. Accordingly, even with the deemed admissions of those costs, the admissions are not the equivalent of an attempt to collect the costs. Finally, Ocwen asserts that it is correcting those things that need to be corrected.

Although Ocwen contends that it is correcting things, it admittedly did not provide the answers to interrogatories as required. It asserted that the interrogatories were seeking similar information as the request for admissions. After the admissions were deemed admitted, the information in the interrogatories would have been moot and therefore was not provided. The Debtors disagree with this contention and assert that the interrogatories do contain different information than the admissions. They also

---

[3] The Court notes that Ocwen's argument sounds as a motion to dismiss. Ocwen did not however, file a motion to dismiss initially. Rather, Ocwen filed an answer and raises this argument only in response to the Court's Rule to Show Cause.

Case 11-02601-JAD    Doc 57    Filed 07/08/13    Entered 07/08/13 17:33:55    Desc Main
Document      Page 6 of 13

assert that damages do presently exist since Ocwen is deemed to have admitted that it did not apply the arrearage reduction $4,564.00 to their account.

### III.

Having already imposed the sanction of deeming the Request for Admissions admitted, the Court considers whether to go beyond this sanction for Ocwen's discovery failures. If so, the Court considers what consequence is to be imposed on Ocwen.

The Debtors would have this Court grant the complaint and render judgment as a sanction. However, as Ocwen argues and the Debtors now recognize, there is no private right of action under 11 U.S.C. §524 which is the basis of the Debtors' complaint.

While there is no decision rendered by the Court of Appeals for the Third Circuit directly on this issue, case law that has developed within the Third Circuit as well as other circuits reflects that no private right of action for a discharge violation exists. See e.g., In re Joubert, 411 F.3d 452 (3d Cir. 2005)(no private cause of action for alleged §506(b) violation); Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 (9th Cir. 2002); Pertuso v. Ford Motor Credit Co., 233 F.3d 417 (6th Cir. 2000); In re Brown, 481 B.R. 351, 357 (Bankr. W.D. Pa. 2012); Bonanno v. HSBC Card Services, (In re Bonanno), Adv. No. 08-7035BM, 2009 WL 8556815 (Bankr. W.D. Pa. Mar. 24, 2009). Rather, it has been determined that the appropriate remedy for a violation of the discharge injunction is a civil contempt proceeding pursuant to 11 U.S.C §105. See e.g., Joubert, 411 F.3d at 455 (plaintiff's lone remedy for alleged 506(b) violation was a contempt proceeding pursuant to §105(a) filed in the bankruptcy court); Brown, 481 B.R. at 357 (citing Bonanno, 2009 WL 8556815, at *5).

A motion for an order for contempt is governed by Fed.R.Bankr.P. 9014 pursuant to Fed.R.Bankr.P. 9020. See Fed.R.Bankr.P. 9020. Rule 9014 provides that a contested matter not otherwise governed by the rules shall be by motion. See Fed.R.Bankr.P. 9014.

Where debtors have filed an adversary seeking relief under section 524, as the Debtors in this instance, some courts have treated such complaints as a request for contempt under §105. See e.g., Motichko v. Premium Asset Recovery, Inc. (In re Motichko), 395 B.R. 25 (Bankr. N.D. Ohio 2008); Palazzola v. City of Toledo (In re Palazzola), 2011 WL 3667624 (Bankr. N.D. Ohio Aug. 22, 2011); Montano v. First Light Federal Credit Union (In re Montano), 398 B.R. 47, 55 (Bankr. D.N.M. 2008). In Motichko, supra, relied upon by the Debtors, the creditor moved to dismiss a debtor's adversary proceeding for violation of the discharge injunction for failure to state a claim upon which relief can be granted. The court found that while the complaint did not specifically seek to have the defendant held in contempt, the complaint was sufficiently pled to seek such relief for purposes of the motion to dismiss.[4] It contained facts alleging material elements of contempt of court, i.e., that the debtors received a discharge, the defendant was aware of the discharge and that collection efforts were nevertheless continued.

The court in Motichko went on to state that to dismiss on procedural grounds (i.e., for filing as an adversary seeking damages for violation of the discharge injunction rather than as a motion for contempt filed as a contested matter) would elevate form over substance. Further, an adversary proceeding provided more procedural protection to a defendant and a contempt motion could be handled in the same manner as an adversary

---

[4] The complaint pled that the defendant was in violation of the discharge injunction and in contempt of court orders and that defendant's actions caused plaintiff unnecessary time, effort and expense. 395 B.R. at 31.

proceeding. 395 B.R. at 33. To dismiss the complaint and require the debtors to refile as a contempt motion would be "unnecessary 'hoop jumping'" that would only increase litigation costs without providing any benefit to the parties. Id.

Not all courts agree that an adversary alleging a violation pursuant to 11 U.S.C. §524 can be treated as a motion for contempt filed in the main bankruptcy case. See e.g., Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186 (9th Cir. 2011); Frambes v. Nuvell Nat'l Auto Finance (In re Frambes), 454 B.R. 437 (Bankr. E.D. Ky. 2011); Whitaker v. Bank of America (In re Whitaker), Adv. No. 13-5008, 2013 WL 2467932 (Bankr. E.D. Tenn. June 7, 2013); Chastain v. Bank of America Home Loans (In re Chastain), Adv. No. 11-1154, 2012 WL 2377467 (Bankr. E.D. Tenn. 2012).

In Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186 (9th Cir. 2011), the court required that contempt proceedings for violation of discharge injunction must be initiated by motion in the bankruptcy case, not an adversary proceeding. The court found that a contempt proceeding was not among the items listed as being commenced by way of adversary pursuant to Fed.R.Bankr.P. 7001 which sets forth the matters that are to be commenced by way of adversary. 633 F.3d at 1190. It was not persuaded by the appellant's argument that Fed.R.Bankr.P. 9014 invoked certain rules for adversary proceedings and therefore any motion brought pursuant to Fed.R.Bankr.P. 9014 could also be brought as an adversary. Such a conclusion, the court found, would "obliterate the difference between contested matters and adversary proceedings, obviating the list under Rule 7001…". Id. The court was similarly unpersuaded by the argument that contempt proceedings that seek to enforce injunctions impliedly fall under

Fed.R.Bankr.P. 7001(7).[5]  It stated that Fed.R.Bankr.P. 9020 compelled a contrary conclusion.  Finally, as to appellant's request for injunction, the court stated that the remedy for violating an injunction was not a repetitive injunction.  An injunction against violating an existing injunction would be superfluous.  Id.

It has also been noted by other courts declining to follow Motichko, that the cases relied upon in Motichko for allowing contempt to be brought by adversary either did not specifically address the procedural aspect of whether a claim for violation of a discharge injunction could be brought as an adversary or were premised on a prior version of Fed.R.Bankr.P. 9020 which did not specifically require contempt to be sought by motion. See In re Marshall, 491 B.R. 217, 235 (Bankr. S.D. Ohio 2012).

This Court need not now determine whether the Debtors' adversary proceeding may proceed as if filed as a motion for contempt.  As discussed below, even if the Court was to treat the Debtors' Complaint as a motion for contempt, the Court is not presently in a position to grant the complaint as a sanction.

To make a showing of contempt, three things must be proven: (1) that a valid court order existed; (2) that the alleged contemnor knew of the order; and (3) that the contemnor disobeyed the order.  See In re Brown, 481 B.R. at 357.  In the present matter, a valid court order, i.e., the Debtors' discharge, existed.  Ocwen admits receiving notice of the discharge (although it deemed such notice irrelevant). (See Doc. #7, ¶32).  Whether Ocwen disobeyed the discharge order is, however, in dispute.

Although the monthly statements sent by Ocwen to the Debtors reflect fees, costs and expenses that were either discharged or not authorized, the statements are not clear

---

[5] Fed.R.Bankr.P. 7001(7) provides that "a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 Plan provides for the relief" is an adversary proceeding.

Case 11-02601-JAD    Doc 57    Filed 07/08/13    Entered 07/08/13 17:33:55    Desc Main
Document    Page 10 of 13

as to whether those amounts are what Ocwen is attempting to be collected. For example, on the statement dated July 28, 2011 there is a section that lists Details of Amount Due. Contained in that section are subsections for Current Amount Due which lists principal and interest and Past Due Amount of principal and interest. The current Amount Due and Past Due Amount provide a date by which the payments are to be made. Also included in the Details of Amount Due are Assessed Fees and Outstanding Expenses which is the section that lists the various fees and costs complained of by the Debtors. Finally, at the bottom of the list, is a Total Amount Due which includes both the Current Amount Due and the Assessed Fees and Outstanding Expenses. However, despite the subtitle of Total Amount Due, there is no date establishing when the Total Amount due is to be paid - unlike in the Current Amount due section. Thus, it is not clear from the statement that Ocwen is actually attempting to presently collect those sums listed in the Assessed Fees/Outstanding Expenses. Absent an attempt to collect a discharged debt, there is no disobeyance of the court ordered discharge and, accordingly, no contempt of court.

Even if contempt of court could be found, there is no relief requested in the Complaint that can be granted based on the present record. One form of relief requested is an injunction against Ocwen from continuing to violate the discharge injunction. As discussed above, no injunction can issue if there is no conduct violative of the discharge order. In addition, it has been held that where a plaintiff sought an injunction against an alleged violation of the discharge order, no "second-order" injunction can issue. See Barrientos, 633 F3d. at 1190 ("An injunction against violation of the discharge already exists by operation of law ... An injunction against violating an existing injunction would be superfluous, adding no judicial action and providing no additional relief."); see also

Case 11-02601-JAD    Doc 57    Filed 07/08/13    Entered 07/08/13 17:33:55    Desc Main
Document      Page 11 of 13

In re Fonner, 262 B.R. 350, 357-358 (Bankr. W.D. Pa. 2001)(denying request for preliminary injunction as previous discharge order already operated as injunction).

As to the relief requested seeking attorneys fees, Ocwen has already paid fees to the Debtors' counsel related to this matter through the Rule to Show Cause hearing in January 2013. (See Doc. ## 52, 55).

More recently, in their Brief, the Debtors have sought $100,000 in the form of punitive damages. Absent a finding of contempt, punitive damages are not warranted. Moreover, even if punitive damages were warranted, requests for an order for relief are to be by motion. See Fed.R.Bankr.P. 9013. Alternatively, if a claim for relief is made in an adversary, it must comply with the general rules of pleading. See Fed.R.Bankr.P. 7008. A pleading that requests relief must contain a jurisdictional basis, a short and plain statement of the claim and the demand for relief sought. Id. Seeking punitive damages as additional relief in a brief written in response to a court issued Rule to Show Cause does not comply with appropriate pleading requirements to request relief.

For these reasons, the Court finds that granting the relief requested in the Debtors' complaint as a sanction for Ocwen's discovery failures is not appropriate in this circumstance.

## IV.

Although the Court will not grant the Complaint, it nevertheless finds that Ocwen failed to comply with an order of this Court compelling discovery. Pursuant to Fed.R.Bankr.P. 7037, the Court may impose sanctions for failure to obey an order to provide discovery. See Fed.R.Civ.P. 7037(b)(2).

The Order of Court dated October 11, 2012 required Ocwen to answer all outstanding interrogatories by November 11, 2012. At the Rule to Show Cause hearing

held in January 2013, counsel for Ocwen indicated that the answers were not provided because it was believed that the deemed admissions made doing so moot. The Court stated that if Ocwen still claimed a defense to the action, the information was still relevant. Counsel agreed to provide anything that it had not yet produced. Ocwen has since provided answers to the interrogatories. (See Doc. #56, Ex. A).

Ocwen also indicated that they are correcting all the things that need to be corrected. Among those things to be corrected, in accordance with Ocwen's own argument that it is not seeking to collect outstanding fees and expenses, are the billing statements sent to the Debtor. If Ocwen is not attempting to collect the fees or expenses as argued, there is no reason for those fees and expenses to be included in any fashion on the monthly billing statements. Such inclusion only creates confusion and requires the recipient to interpret the intentions of Ocwen.

Accordingly, as a sanction for failure to comply with this Court's orders related to discovery, Ocwen will be required to revise the monthly billing statements sent to the Debtors commensurate with its own arguments. That is, all future billing statements commencing forthwith shall not include any reference to fees and expenses that Ocwen is not attempting to collect. Those sections of the billing statement reflecting prepetition or unauthorized postpetition outstanding fees and expenses shall reflect zero balances to avoid future confusion. In addition, Ocwen shall immediately take whatever steps are required internally to remove all reference to these costs as outstanding.

An appropriate order shall issue.

Dated: July 8, 2013               /s/ Jeffery A. Deller
             JEFFERY A. DELLER
             U.S. Bankruptcy Judge

FILED
JUL -8 2013
CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

case administrator to serve:

Andrew M. Gross, Esq.
Brett L. Messinger, Esq.
Ronda L. Winnecour, Esq.
Office of the U.S. Trustee